The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
I am writing in response to your request, on behalf of a county and probate clerk, for an opinion on several questions concerning the solemnizing of marriage ceremonies. Specifically, the letter attached with your request poses the following four questions:
1. Is the county court a court of record?
2. Municipal courts and city courts, are they courts of record?
 3. If a county court is a court of record and the county judge retires after four years of service, can he/she solemnize a marriage?
 4. The quorum court can appoint an "official" to solemnize marriages in the county. Does the term "official" indicate a county elected official; or in a broader sense any person that the quorum court may choose?
RESPONSE
In response to your first and second questions, in my opinion county courts and municipal courts are courts of record. I have found no authority for the proposition that city courts are courts of record, and this issue remains unclear. In my opinion the answer to your third question is "yes," and in my opinion the answer to your fourth question is that the quorum court may choose any person as an official to solemnize marriages in the county.
Question 1 — Is the county court a court of record?
I assume this question is posed in light of the provisions of A.C.A. §9-11-213(a)(3), which authorizes any "judges of the courts of record within this state, including any former judge of a court of record who served at least four (4) or more years" to solemnize marriages.
The answer to this question is clearly "yes." See A.C.A. § 14-14-1001(a) ("[t]he county court shall be a court of record and shall keep just and faithful records of its proceedings). See also Villines v. Harris,340 Ark. 319, 328, 11 S.W.3d 516 (2000) (Brill, S.J., concurring) ("while a county court is not a court of general jurisdiction, it is a court of record," citing A.C.A. § 14-14-1001).
Question 2 — Municipal courts and city courts, are they courts ofrecord?
It is clear, in my opinion, that municipal courts are courts of record. My predecessor discussed this question in Op. Att'y Gen. 92-005, wherein the following was stated:
 In response to your first question, it is my opinion that municipal courts are generally "courts of record," not by virtue of any provision of the Constitution, but rather by statute and under the common law [footnote omitted]. It is clear, in my opinion, that municipal courts created under the authority of A.C.A. 16-17-201—224 (enacted in 1927 and applying to cities with populations over 2,400 and county seat towns of less than 2,400 population) are "courts of record" because a provision of this subchapter expressly so provides. See A.C.A. 16-17-205(a). Additionally, it appears that municipal courts established under either A.C.A. 16-17-401—403 (enacted in 1973 and applying to cities of the first and second class and incorporated towns), or A.C.A. 16-17-501—503 (enacted in 1985 and applying to cities with populations of less than 2,400), would also be" courts of record" because these courts are invested with the same powers and jurisdiction as other municipal courts. See A.C.A. 16-17-401(b), and A.C.A. 16-17-502. A question in this regard may arise, however, as to the municipal courts created under the provision of A.C.A. 16-17-301—305 (enacted in 1947 and applying to county seat municipalities which are cities of the second class). There is no provision of law which denotes, either expressly or by implication, that these courts are "courts of record." It should be noted, however, that to the extent these courts have a clerk and a seal, a presumption is raised and is prima facie evidence that the court is a court of record. Adamson v. Adamson, 9 Ark. 26 (1848). Because these municipal courts are provided the services of the city recorder as municipal court clerk, it is my opinion that these municipal courts as well are "courts of record." Additionally, the Attorney General has opined on at least two separate occasions that municipal courts are "courts of record." See Op. Att'y. Gen. Nos. 89-285, and 84-215, copies of which are enclosed.
Op. Att'y Gen. 92-005, pp. 1-2.
I agree with the conclusion above and it does not appear that there has been any change in the law on this point since the issuance of this opinion.[1]
I have not found any state statute or case discussing whether a "city court" is a court of record. City courts were formerly known as "mayor's courts." See Op. Att'y Gen. No. 98-042 and A.C.A. § 14-44-108 (Supp. 1997) (mayor and city court in second-class cities); A.C.A. § 14-45-106
(Supp. 1997) (mayor and city court in incorporated towns); A.C.A. §16-18-111 (Supp. 1997) (city court in first-class cities). The status of a "city court" as a court of record is therefore unclear and in my opinion doubtful.[2]
Question 3 — If a county court is a court of record and the county judgeretires after four years of service, can he/she solemnize a marriage?
It is my opinion that the answer to this question is "yes." See response to Question 1 and A.C.A. § 9-11-213(a)(3).
Question 4 — The quorum court can appoint an "official" to solemnizemarriages in the county. Does the term "official" indicate a countyelected official; or in a broader sense any person that the quorum courtmay choose?
It is my opinion that the quorum court may appoint any person it may choose as an "official appointed for that purpose" under A.C.A. §9-11-213(a)(7) and the person need not be a county elected official. My predecessor addressed this issue in Op. Att'y Gen. 92-046, as follows:
 The original act authorizing the quorum courts to appoint" special officials" to perform marriages is Act 95 of 1977, which provides in Section 1 that:
 "The quorum courts may appoint special officials to solemnize marriages within their respective counties. Provided that the maximum number of such officials shall not exceed two per ten thousand or fraction thereof, population in the county as determined by the last census."
 The provision above is currently codified at A.C.A. 14-20-110. The act also amended A.C.A. 9-11-213 to reflect this new authority, and to include these appointed persons along with those authorized under 9-11-213 to perform marriages in the state. There is no restriction in the act as to which persons the quorum court can appoint as "special officials." See contra, Op. Att'y. Gen. Nos. 87-09 and 86-371, issued by a prior administration, which are hereby superseded.
Op. Att'y Gen. 92-046, pp. 1-2 (emphasis added).
I agree with this conclusion and the law does not appear to have changed in the interim. The original act, one portion of which is still codified at A.C.A. § 14-20-110, empowers the quorum court to appoint "special officials" to solemnize marriages.[3] In my opinion the reference to "special" officials, indicates that solemnizing marriage ceremonies may be the only public duty of such officials and that they might not be persons who otherwise hold official positions.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Although newly adopted Amendment 80 to the Arkansas Constitution substantially revised the structure of the judicial branch in Arkansas, including transforming the existing municipal courts into "district courts," it does not speak to the "court of record" question. The "district courts," however, are to be regarded as a continuation of the municipal courts. See Amendment 80, § 19. The provisions of Amendment 80 are not yet effective. See Arkansas Constitution, Amendment 80, §§ 19 and 21.
[2] I will note that "police courts" appear to be courts of record.See A.C.A. § 16-18-108.
[3] Section 9-11-213(a)(7) of the Arkansas Code, on the other hand, refers to "[a]ny official appointed for that purpose by the quorum court of the county where the marriage is to be solemnized."